ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-2302 (JMR/FLN)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>V.<br><br>$9,900.00 IN U.S. CURRENCY,<br><br>DEFENDANT. | ) | DEFAULT JUDGMENT AND FINAL ORDER OF FORFEITURE |

Based on the plaintiff's motion for an order granting default default judgment against Dena M. Sanford and all unknown persons and entities having an interest in the defendant currency and for forfeiture of the defendant currency to the plaintiff; on all the files and records in this action; and on the Court's finding as follows that:

1. pursuant to a Warrant of Arrest and Notice <u>In Rem</u> issued by Chief United States Magistrate Judge Franklin L. Noel, the United States Marshal for the District of Minnesota arrested the defendant currency;

2. notice of the arrest of the defendant currency and the means and deadline by which to contest the forfeiture of the defendant currency was published in the <u>Finance and Commerce</u>, Minneapolis, Minnesota, on November 25, December 2, and December 9, 2000;



FILED NOV 27 2001
RICHARD D. SLETTEN, CLERK
JUDGEMENT ENTERED NOV 27 2001
DEPUTY CLERK'S INITIALS ______

3. the United States Marshal served Dena M. Sanford, through her attorney, with copies of the Complaint for Forfeiture, Summons, and Warrant of Arrest and Notice <u>In</u> <u>Rem</u>;

4. Dena M. Sanford filed an affidavit of claim and an answer to the Complaint for Forfeiture;

5. no other claims for the defendant currency and answers to the Complaint for Forfeiture have been filed, and the time for filing a claim and answer has expired;

6. Dena M. Sanford, the only claimant of the defendant currency, has withdrawn her claim for the defendant currency, consented to the entry of default judgment against her, and consented to the forfeiture of the defendant currency to the plaintiff;

7. the plaintiff made application to the Clerk of Court for entry of default against Dena M. Sanford and all unknown persons and entities having and interest in the defendant currency; and

8. the plaintiff's Complaint for Forfeiture with supporting affidavit stands uncontested and unrebutted;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. default judgment is entered against Dena M. Sanford and all unknown persons and entities having an interest in the defendant currency; and

2. all the right, title and interest of the defaulted persons and entities in the defendant currency is forfeited to the

plaintiff, and no right, title or interest in the defendant currency shall exist in any other person or entity; and

3. the defendant currency shall be disposed of by the plaintiff in accordance with law; and

4. the $990.00 cost bond filed by Dena M. Sanford in order to contest the forfeiture shall be returned to her through her attorney, Craig E. Cascarano.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 15, 2001

JAMES M. ROSENBAUM, Chief Judge
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*